UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STUART SOMLAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 4:16-cv-01037-AGF |
| NELNET INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion (Doc. No. 21) of Defendant Nelnet, Inc. to dismiss Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff, who filed this action pro se, has not responded to Defendant's motion, despite requesting and receiving an extension of time to do so. For the reasons set forth below, the Court will grant Defendant's motion.

## BACKGROUND

Plaintiff's complaint seeks relief under the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"). Plaintiff alleges that Defendant is "claiming holder in due course of [Plaintiff's] twelve student loan accounts," which "are being reported to . . . consumer reporting agencies." Plaintiff alleges that he has "attempted to gain specific account documentation, which would allow him to do a complete audit on what is owed, so he can plan his repayment, and budget for his future." (Doc. No. 1 at 1.)

According to the complaint and the exhibits attached thereto,[1] on or about April 11, 2016, Plaintiff sent Defendant a letter titled "Request for VALIDATION, NOT Verification," in which he stated that he was responding to notices sent to him from Defendant, and to Defendant's "erroneous reporting to the Credit Bureau(s)," in order to notify Defendant that its "claim is disputed and validation is requested." (Doc. No. 1-1.) In this letter, Plaintiff requested that Defendant provide him with evidence establishing, for example, what money Plaintiff owed, how that amount was calculated, the identity of the original creditor, and Defendant's license to collect in Plaintiff's state. Plaintiff's "sole purpose of communicating to [Defendant] was to validate the accounts claiming to be owed." (Doc. No. 1 at 1.) Plaintiff demanded that Defendant send him the information requested within 30 days.

Plaintiff further stated in the letter that "if [Defendant's] offices have reported invalidated information to any of the 4 major Credit Bureau[s] . . . this action may constitute fraud under both Federal and State Laws," and that "during this validation period, if any action is taken which could be considered detrimental to any of my credit reports," including "listing any information with a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate, when in fact there is no provided proof that it is accurate," Plaintiff would consult legal counsel. (Doc. No. 1-1.)

---

[1] On a motion to dismiss, the Court may consider exhibits attached to the complaint, as well as materials that are "necessarily embraced by the pleadings." *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015).

Defendant did not respond within that time or any time thereafter. Plaintiff therefore filed this lawsuit.

Plaintiff alleges that Defendant's "refus[al] to send validation for accounts disputed by [P]laintiff reporting to one or more consumer reporting agencies (credit bureaus)," and its "refus[al] to give notice that accounts are being disputed by Plaintiff to one or more consumer reporting agencies (credit bureaus)," violated 15 U.S.C. § 1692g(b) of the FDCPA. Plaintiff further alleges that Defendant's failure to provide Plaintiff or the consumer reporting agencies notice of "this disputed matter" violated the 15 U.S.C. § 1681s-2 of the FCRA[2] (Doc. No. 1 at 5.) For relief, Plaintiff seeks statutory and punitive damages, an injunction, and costs and attorney's fees.

In its motion to dismiss, Defendant argues that Plaintiff's FDCPA claim should be dismissed because Plaintiff has failed to adequately allege that Defendant is a debt collector, that Plaintiff timely disputed his debt, or that Defendant engaged in any collection activities in violation of the FDCPA. Defendant contends that Plaintiff's FCRA claim fails because, to the extent that Plaintiff intended to invoke 15 U.S.C. § 1681s-2(a), Plaintiff lacks a private right of action, and to the extent Plaintiff intended to invoke 15 U.S.C. § 1681s-2(b), Plaintiff has failed to allege that he notified any consumer reporting agencies of a dispute.

Plaintiff has not responded to Defendant's motion, and the time to do so has passed.

---

[2] Although Plaintiff references "15 U.S.C. § 1981s-2(3)" (a non-existent provision) in this part of his complaint, the other allegations of the complaint make clear that Plaintiff intended to reference the FCRA, 15 U.S.C. § 1681s-2.

**DISCUSSION**

To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must accept the plaintiff's factual allegations as true and construe them in plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Id.*; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

A "pro se complaint must be liberally construed," meaning that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (quoting *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004)). However, pro se plaintiffs "still must allege facts to support the claims advanced," and a district court is not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15.

**FDCPA**

"To prevail on a claim pursuant to the FDCPA, plaintiff must allege and prove that (1) the plaintiff is a 'consumer' within the meaning of the statute; (2) the defendant collecting the debt is a 'debt collector' within the meaning of the statute; and (3) the

4

defendant has violated by act or omission a provision of the FDCPA." *Schuller v. AllianceOne Receivables, Mgmt., Inc.*, No. 4:15 CV 298 CDP, 2016 WL 427961, at *2 (E.D. Mo. Feb. 4, 2016) (citation omitted). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Explicitly excluded from the definition of "debt collector" is, among other persons, "any officer or employee of a creditor while, in the name of a creditor, collecting debts for such creditor," and "any person collecting or attempting to collect any debt owed or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person . . . or concerns a debt which was not in default at the time it was obtained by such person," 15 U.S.C. §§ 1692a(6)(A), (F). "Additionally, a defendant is not a debt collector if the defendant is servicing, rather than collecting, the plaintiff's debt." *Diaz v. Viking Client Servs., Inc*., No. 16-CV-336 (SRN/KMM), 2016 WL 5796835, at *3 (D. Minn. Oct. 3, 2016)

Defendant contends that Plaintiff likely intended to name Nelnet Servicing, LLC as the proper Defendant, rather than the named Nelnet, Inc., but that in any event, Plaintiff fails to allege that either Nelnet, Inc. or Nelnet Servicing, LLC is a debt collector, as opposed to the loan originator or servicer, or that Plaintiff's loans were in default at the time they were obtained by either of these entities.

The Court agrees that Plaintiff fails to allege facts sufficient to demonstrate that Defendant is a "debt collector" within the meaning of the FDCPA. Plaintiff does not

allege, for example, that Defendant's principal purpose was to collect debts, that Defendant regularly collects or attempts to collect debts owed or due another, that the debt was not originated by Defendant, or that the debt was in default at the time Defendant obtained it. *See Caione v. Navient Corp.*, No. CV 16-0806(NLH/JS), 2016 WL 4432687, at *4 (D.N.J. Aug. 18, 2016) (finding that similar pleading deficiencies with respect to whether the defendant was a debt collector were fatal to a plaintiff's FDCPA claim); *Levy-Tatum v. Navient & Sallie Mae Bank, No*. CV 15-3794, 2016 WL 75231, at *7 (E.D. Pa. Jan. 7, 2016) (same).

The Court further agrees with Defendant that Plaintiff has failed to adequately allege an act or omission by Defendant that violated the FDCPA. The section of the FDCPA expressly relied upon by Plaintiff, 15 U.S.C. § 1692g(b), provides in relevant part:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b). To succeed on such a claim, Plaintiff must allege and prove: "(1) that he is a consumer; (2) that [Defendant] is a debt collector who contacted him in an attempt to collect a debt; (3) that he duly notified [Defendant] in writing that he disputed the debt; and (4) that [Defendant] resumed or failed to cease debt-collection efforts without first (a) obtaining verification of the debt or a copy of a judgment and (b) mailing

6

a copy of the verification or judgment to the consumer." *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1001 (8th Cir. 2011).

Plaintiff alleges that Defendant violated this section by (1) refusing to send to Plaintiff validation for accounts disputed by Plaintiff, and (2) refusing to give notice of Plaintiff's dispute to the various consumer reporting agencies. Plaintiff's claim fails with respect to the first ground because, "[u]nder the FDCPA, a debt collector who receives a written dispute of a debt from a consumer need not verify the debt at all, but can instead cease efforts to collect the disputed debt." *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1036 (D. Minn. 2010), *aff'd*, 413 F. App'x 925 (8th Cir. 2011). With respect to the second ground, a similar claim could be raised under 15 U.S.C. § 1692e(8),[3] which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e(8).

But Plaintiff's claim under each of these sections fails because, even assuming that Plaintiff adequately alleged all of the other elements, Plaintiff has not alleged facts to

---

[3] Although Plaintiff does not refer to § 1692e(8) in the section of his complaint titled "Defendant's Statutory Violations," he does so in the complaint's jurisdictional statement.

suggest that, after receiving notice of Plaintiff's dispute, Defendant in fact reported Plaintiff's debt to a consumer reporting agency without communicating that the debt was disputed. *See, e.g.*, *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008) (rejecting argument that a debt collector has an "affirmative duty" to disclose to consumer reporting agencies that a debt is disputed, and holding that the FDCPA merely prohibits a debt collector who has received notice of a dispute from a consumer and who "*elects* to communicate 'credit information' about a consumer" to a reporting agency, from omitting its knowledge of the dispute). Nor does Plaintiff's complaint suggest, as it must, that if Defendant did report Plaintiff's debt after receiving notice of Plaintiff's dispute and without disclosing the dispute, Defendant did so voluntarily, rather than being required to do so by law. *See McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 915–16 (8th Cir. 2014) (holding that "[t]he distinction between voluntary and required communication with consumer reporting agencies is significant," and that without alleging that a debt collector "failed to communicate the debt was disputed during a *voluntary* report to [a consumer reporting agency]," the plaintiff fails to plausibly establish that the communication to the consumer reporting agency was a debt-collection activity under § 1692e(8)) (emphasis added) (citing with approval *Edeh,* 748 F. Supp. 2d at 1036 (holding same under § 1692g(b))).

For all of these reasons, the Court will dismiss Plaintiff's FDCPA claim.

**FCRA**

As an initial matter, the Court agrees with Defendant that Plaintiff likely intended to invoke 15 U.S.C. 1681s-2(a)(3), of the FCRA, which provides:

> If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

15 U.S.C. § 1681s-2(a)(3). However, as Defendant correctly notes, a consumer does not have a private right of action to enforce 15 U.S.C. § 1681s-2(a)(3) or any other subsection of § 1681s-2(a). *See, e.g., McWilliams v. Chase Home Fin., LLC*, No. 4:09CV609 RWS, 2010 WL 1817783, at *3 (E.D. Mo. May 4, 2010) ("[A]s § 1681s-2(d) indicates, enforcement of § 1681s–2(a) is limited to federal agencies and officials and state officials identified § 1681s.").

"[T]he FCRA does permit an individual to bring a claim under § 1681s-2(b) against a furnisher of information," for failing in certain duties imposed on such furnishers *after* they receive a notice of dispute from a credit reporting agency. *Drew v. Capital One Bank (USA) N.A*., No. 1:16CV00095 SNLJ, 2016 WL 3402540, at *2 (E.D. Mo. June 21, 2016). But "notice of disputed information provided directly by the consumer to a furnisher does not trigger the duties of investigation under section 1681s–2(b). *Lee v. Wells Fargo Home Mortg*., No. 11-0633-CV-W-HFS, 2011 WL 5025877, at *2 (W.D. Mo. Oct. 21, 2011) (citation omitted). "A cause of action arises only by showing that the furnisher received notice from a credit reporting agency, not the consumer, that the credit information is in dispute." *Id.* (citation omitted).

Plaintiff has failed to allege that he notified a credit reporting agency of a dispute. His complaint, at most, suggest that he notified Defendant directly of the dispute, which is insufficient to state a claim under § 1681s–2(b). *See id.* ("Had plaintiffs alleged that

9

they themselves notified a credit reporting agency of the dispute, further discovery might be in order. Here, however, there is no such allegation. Indeed, plaintiffs simply allege that they notified Wells Fargo directly of the dispute. This is insufficient to trigger a private right of action under the Act. Accordingly, plaintiffs have failed to state a cause of action based on the [FCRA]"); *cf. Young v. LVNV Funding, LLC*, No. 4:12CV01180AGF, 2012 WL 5508407, at *3 (E.D. Mo. Nov. 14, 2012) ("Here, Plaintiff sufficiently pleads that he notified two credit reporting agencies . . . , and that the CRAs notified Defendant. Therefore, Defendant's motion to dismiss Plaintiff's FCRA claims [under § 1681s–2(b)] fails."). As a result, the Court will grant Defendant's motion to dismiss Plaintiff's FCRA claim.

In sum, the Court will dismiss Plaintiff's complaint. However, because the dismissal arises largely from pleading deficiencies that may be cured by amendment, it will be without prejudice.

## **CONCLUSION**

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **GRANTED**. (Doc. No. 21.) Plaintiff's complaint will be **DISMISSED without prejudice**.

A separate Order of Dismissal will accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of January, 2017.